**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4071**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

VANCE MARCEL GIBSON, a/k/a Reginald Hilton Belton,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (6:93-cr-00211-TDS-1)

Submitted:  September 13, 2018          Decided:  September 17, 2018

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary J. Darrow, Raleigh, North Carolina, for Appellant.  Sandra Jane Hairston, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vance Marcel Gibson appeals the district court's judgment revoking his supervised release and sentencing him to 5 months' imprisonment, to be followed by an additional 18-month term of supervised release. Counsel for Gibson has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court plainly erred, and violated the constitutional prohibition on *ex post facto* punishments, by imposing an additional term of supervised release. Gibson has filed a pro se supplemental brief in which he assigns error to the manner in which the probation officer learned of the supervised release violations alleged and claims that his attorney was constitutionally deficient in his representation. We affirm.

Gibson's primary contention is that the district court lacked the authority to order another term of supervised release upon the revocation of his original term, which was imposed in 1994. Although 18 U.S.C. § 3583(h) (2012) explicitly permits the imposition of such a term, Gibson asserts that the 1994 amendments to § 3583(h) do not apply to him as he was originally sentenced before these amendments took effect. While the Supreme Court agreed in *Johnson v. United States*, 529 U.S. 694 (2000), that § 3583(h) does not apply retroactively, the Court held that the former 18 U.S.C. § 3583(e) (1994) authorized the imposition of an additional term of supervised release following reimprisonment upon revocation. *Johnson*, 529 U.S. at 702-03, 713. Thus, under *Johnson*, the statute in effect at the time of Gibson's sentencing permitted the imposition of a term of imprisonment followed by an additional term of supervision upon the

2

revocation of Gibson's original term of supervised release. We therefore discern no error, plain or constitutional, in the district court's decision to impose an additional 18-month term of supervised release in this case.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal.[*] Accordingly, we affirm the revocation judgment. This court requires that counsel inform Gibson, in writing, of his right to petition the Supreme Court of the United States for further review. If Gibson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gibson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have reviewed the claims raised in Gibson's pro se supplemental brief and conclude they lack merit. Specifically, Gibson's admission to two of the four alleged violations moots any issues related to the investigative process preceding the issuance of the revocation petition, and it is not conclusive on the face of this record that Gibson's attorney was constitutionally deficient in his representation. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) ("Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. Otherwise, the proper avenue for such claim is a 28 U.S.C. § 2255 [(2012)] motion filed with the district court." (citation omitted)).

3